**WS PACKAGING GROUP, INC.,**
**Plaintiff–Appellant,**

v.

**GLOBAL COMMERCE GROUP,**
**LLC, Defendant–Appellee.**

No. 2008–1233.

United States Court of Appeals,
Federal Circuit.

Sept. 10, 2008.

Sanford J. Asman, Atlanta, GA, for Defendant–Appellee.

David G. Hanson, Reinhart, Boerner & Van Deuren, Milwaukee, WI, for Plaintiff–Appellant.

Before RADER, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and SCHALL, Circuit Judge.

ON MOTION

SCHALL, Circuit Judge.

*ORDER*

Global Commerce Group, LLC moves to dismiss WS Packaging Group, Inc.'s appeal for lack of jurisdiction. WS opposes and moves to substitute International Gaming Technology, LLC (IGT) in place of Global. Global replies.

WS sued Global seeking a declaratory judgment that WS did not infringe the patent that Global then owned. Global moved to dismiss on the ground that the action was prohibited by a previous settlement agreement that included a covenant not to sue. The district court found that the declaratory judgment action was prohibited by the covenant and dismissed WS's complaint. WS filed an appeal seeking review by this court. The parties do not dispute that thereafter Global sold its ownership rights in the patent-in-suit to IGT.

Global contends that its sale of the patent-in-suit to IGT moots WS's appeal because there is no live controversy between the parties. WS argues, inter alia, that IGT is merely an alter ego of Global and that IGT should be substituted for Global. WS argues that if the appeal is moot, then the appropriate course is to vacate the judgment and remand for any further proceedings. Global disagrees with WS's assertion that IGT is an alter ego of Global.

A case must present a case or controversy at all stages of a proceeding, including when the case is on appeal. *Preiser v. Newkirk*, 422 U.S. 395, 401, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Putting aside for the moment WS's assertion that Global and IGT are alter egos, which is not appropriate for determination by this court in the first instance, Global's sale of the patent may mean that there is no dispute between WS and Global that can support the case or controversy requirement.

We agree with WS that the appropriate course is to remand. Due to the changed circumstances, there might be no dispute between the two named parties that appeared before the district court, or the district court may deem additional proceedings appropriate. Thus, we vacate and remand so that the trial court can decide in the first instance whether to reinstate its dismissal or conduct additional proceedings if appropriate. We make no determination whether the district court must address WS's request to substitute IGT or whether the district court

must enter a judgment of dismissal, as those and other determinations may involve factual findings best made by the district court in the first instance.

Accordingly,

IT IS ORDERED THAT:

(1) Global's motion to dismiss this appeal is denied.

(2) WS's motion for substitution is denied without prejudice to the district court determining that issue in the first instance.

(3) The judgment of the district court is vacated and the matter is remanded for further proceedings as may be appropriate.

(4) Each side shall bear its own costs.